GEORGE L. CHENEY *vs*. THE TOWN OF ESSEX.

* Third Judicial District, New Haven, June Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

Upon a taxpayer's appeal from the refusal of the board of relief to reduce the valuation placed by the assessors upon his property as a whole, the Superior Court may properly add to the appellant's list items of taxable property not listed by him.
Under General Statutes, § 2323, railroad and municipal bonds issued by corporations of other States are prima facie taxable here at the residence of their owner, who, if an exemption is claimed for them, assumes the burden of showing their nontaxability.
A debt due from a taxpayer in this State to a local national bank is not one "liable to be assessed and set in the list of the creditor," under the provisions of General Statutes, § 2349, and therefore its amount cannot be deducted, by the board of relief or by the Superior Court on appeal, from the list of the taxpayer.
The fact that the assessors of a town, before making their own, inde-

---

* Transferred from first judicial district.

pendent valuation of all the taxable property therein, advised with a nonresident committee appointed by the inhabitants for that purpose, does not render their action illegal or void, upon the theory that they had thereby delegated their official powers and duties to such advisory committee.

Argued June 14th—decided July 26th, 1910.

APPLICATION in the nature of an appeal from the refusal of the board of relief of the town of Essex to reduce the valuation placed by the assessors on the plaintiff's property, brought to and tried by the Superior Court in Middlesex County, *Bennett, J.;* facts found and judgment rendered making only a slight net reduction in the valuation of the property of the plaintiff, from which he appealed. *No error.*

In 1908 the town of Essex made a revaluation of all the taxable property in the town, whereby the grand list of the town for that year was materially increased. The call for the annual town meeting, duly held on October 5th, 1908, contained the following item: "To vote upon the question of the re-assessment of taxable property pursuant to a legal petition for that purpose." At that meeting the following vote on that subject was passed: "Voted—That the assessors of the Town of Essex be, and hereby are, instructed to assess all taxable property in said town at its true value; as defined by the statutes of this State. That a committee of two non-residents be appointed by the selectmen for the purpose of making a revaluation of said taxable property; and of advising with, and assisting the assessors in making such assessment; and that the tax commissioner of this State be requested to nominate several suitable and competent persons for such committee. That said committee be appointed, and commence its work at the earliest possible date. That the selectmen are empowered to expend such sum from the funds of the Town of Essex, as may be necessary

to carry out the purpose expressed in this resolution. That after the completion of the grand list for 1908 in accordance with the provisions of this resolution, the selectmen are, instructed to make such rate bill, as expressed in even mills will raise on such list as near as possible the sum of $19,000.00."

In accordance with that vote, the selectmen appointed such committee. This committee examined the taxable property in the town, and later advised with the assessors in the making by the assessors of an assessment of items of property at their just and true value. The valuations finally adopted for the assessment in every case were the valuations of the assessors. After this committee had finished its work, the assessors again met and re-examined all the lists and equalized the same. The assessors then made the abstract, subscribed the oath required by law, and lodged the abstract with the town clerk.

The board of relief held its first meeting on February 1st, 1909, and finally adjourned on the 9th, after holding in all four meetings. Mr. George L. Cheney appeared before the board at one of these meetings and objected to the valuation placed upon his property by the assessors. The valuation which the assessors put upon the property was $28,950. The board of relief refused to reduce this valuation; hence this appeal, claiming an overvaluation, a disproportionate assessment, and that the whole assessment was illegal and void.

The Superior Court found that there was no disproportionate assessment, but that there was an overvaluation of the property set in Mr. Cheney's list, and reduced it by $8,500. The court found further that Mr. Cheney had wholly omitted from his list taxable bonds to the amount of $7,000, and that the item on said list "Railroad, city, other corporation bonds,"

under which Mr. Cheney had listed no property, should be raised from nothing to $7,000, and this sum of $7,000 the court added to Mr. Cheney's list, making his total $27,450.

The appellant claims that this action by the court was erroneous.

*William B. Stoddard*, for the appellant (plaintiff).

*Frank D. Haines* and *Charles Welles Gross*, for the appellee (defendant).

ROBINSON, J. The plaintiff makes a number of claims, which may be reduced to three general heads, as follows: (a) The propriety of the court's action in adding to the plaintiff's list certain corporate bonds, owned by him, but not listed by him. (b) His claim of offset of certain debts he owed some banks, as against these bonds. (c) His claim that the votes of the town, the action of the assessors, and the entire assessment, were void.

Let us observe, first, that Mr. Cheney's appeal is an appeal from the assessment as a whole, and not from one or more items in the list. He sets up in his appeal that he was the owner of real and personal property of the then true and just value of $10,450, and further, that he handed in a list "of all of his property liable to taxation." The town sets up that the just and true value of his property was not less than $28,950, and left Mr. Cheney to prove whether or not the list he handed in contained all of his property liable to taxation. Mr. Cheney, in turn, denied that the value of his property was not less than $28,950. Here was a plain issue as to whether or not all of Mr. Cheney's property liable to taxation was worth $28,950.

The court found that he owned bonds worth $7,000,

and that he omitted them from his list. It further found that the property which Mr. Cheney listed was in fact worth only $20,450; but that he had not listed all of his taxable property. The court made a reduction of $8,500 in the valuation of the property actually listed, and then added to his list the $7,000 of bonds, which he had not listed.

The appellant's claim is, that as the court found that the property listed by him was overvalued, and accordingly reduced that valuation from $28,950 to $20,450, it could not add to the appellant's list the value of these omitted bonds. In other words, the appellant admits that if he had included these bonds in his list at an undervaluation, the court could have increased that valuation; but insists that not having placed them in his list at all, the court is powerless to effect even a partial cure for such wrong. This is not a tenable position. The action of the court did not raise the amount of Mr. Cheney's list, as a whole, above the figures of the board of relief, but reduced it below those figures.

The board of relief has the power under our statute (§ 2347) to add to any list taxable property omitted, which should be added thereto, and the Superior Court has ample power in this respect. It therefore acted entirely within its powers in adding these omitted bonds to Mr. Cheney's list.

Touching the appellant's claim that the town did not show that a portion of these bonds, known as the "Hackensack Water Bonds," were not taxable in New Jersey, and that this was a matter for the town to show and not for him,—it is only necessary to say that our statute (§ 2323) makes such bonds the subject of taxation by the town of the appellant's residence; and when it was disclosed that Mr. Cheney was the owner of such bonds, and that they were omitted from his list,

it became the duty of the court to add them to his list, unless it was made satisfactorily to appear to the court that they were fully assessed and taxed in the foreign State to the same extent as other like property owned by its citizens. The appellant contends that he was not bound to produce evidence upon this latter point. The court below has found that no testimony whatever was offered as to whether or not these bonds were assessed and taxed in the foreign State. This being so, these bonds were of course prima facie taxable in the town of Essex. The Superior Court in effect told this appellant that, if he wanted the benefit of the exempting conditions named in our statute, he must satisfy the court that they existed. The court was right as to this; and, furthermore, under the allegations of his appeal the plaintiff was bound to establish the nontaxability of these bonds after it appeared that he owned them.

But the plaintiff says he owed some debts to the Essex National Bank, aggregating $6,000, and that these debts ought to have been recognized and deducted from this $7,000 of bonds, and that the court erred in refusing to offset or credit these debts, in making this addition to his list. The claim of the appellant resolves itself into this: that certain property belonging to him should not be taxed in this State, not because it is not taxable, but because he owes $6,000 to the Essex National Bank. This debt is not within the terms of § 2349 of the General Statutes. It is not a debt "liable to be assessed and set in the list of the creditor"; and therefore in no event could the board of relief, or the Superior Court standing in the place of the board of relief, deduct such debt from any item in the list. The provisions of our statute give the board of relief the right to deduct the amount of the debt "from the list of said debtor," only when it can add the amount to the list of the creditor.

But the complaint which the appellant apparently regards as the most serious of all is that of the claimed illegality of the entire assessment. This is an objection levelled at the whole grand list of the town of Essex; every list of every taxpayer in the town is involved in this. He asks this court on this appeal from the doings of the board of relief to find that the action of the town in making up the grand list of 1908 is void; that it is wholly illegal. This objection is based largely upon the irregularity and informality of the appointment of this committee, and upon the claimed attempted delegation of the powers and duties of the assessors to that committee. Much has been urged and many claims have been made by the appellant in support of these criticisms, but to discuss all of them would consume time and space entirely out of proportion to their importance and their merits. The facts as found by the court do not support these criticisms in any particular. There is little foundation for most of them, and no secure foundation for any of them. The court has found proven the allegations made in the first defense of the town. It has found that the decision of the assessors in the case of every piece of property was their own decision; that the assessors, acting independently, valued each piece of property, examined the list as a whole, and equalized all the lists; and that the property of Mr. Cheney was valued by the assessors at $3,000 more than by the advisory committee. The real nature of this part of the appellant's complaint is that the special committee made up the assessments in the grand list, and not the assessors. The court finds that this was not the fact, and that finding settles that feature of this particular criticism. The court finds that the appellant has not proved his allegations, and that the town has proved what it averred. So that, even if this question were properly before the

court, there is not any foundation in fact for the criticism of illegality of this entire assessment.

There is no error.

In this opinion the other judges concurred.